IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. LANDI,

        Petitioner,                No. CIV S-08-2099 LKK GGH P

    vs.

MIKE MARTELL, et al.,

        Respondents.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pros e with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2005 conviction for a prison disciplinary conviction, possession of inmate manufactured alcohol in violation of Cal. Code Regs. tit. 15, § 3016. This action is proceeding on the original petition filed September 8, 2008.

        Pending before the court is respondent's motion to dismiss filed November 5, 2008, on grounds that this action is barred by the statute of limitations. After carefully considering the record, the court recommends that respondent's motion be granted.

/////

/////

/////

/////

1

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Where, as here, the petition contests an adverse administrative decision of a prison disciplinary proceeding rather than a state court judgment, § 2244's one-year limitation period still applies and the date the statute of limitations begins to run is determined under subparagraph (D) of § 2244(d)(1), i.e., it is the date when the factual predicate of the claim could have been discovered through the exercise of due diligence, and in prison disciplinary cases that usually will be the date the administrative decision becomes final. See Shelby v. Bartlett, 391 F.3d 1061, 1063-66 (9th Cir.2004); see also Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) Subparagraph (A) of § 2244(d)(1) does not apply in prison disciplinary proceedings cases because the decision constitutes an administrative ruling, not a state court judgment. Redd, 343 F.3d at 1081-82.

/////

/////

In the instant case, the statute of limitations ran from August 17, 2006, i.e. the date the Director's Level Appeal decision was issued denying petitioner's administrative appeal. See Motion to Dismiss, Exhibit 1. Petitioner had one year from that date to file a timely federal petition. The instant action, filed September 8, 2008, is not timely unless petitioner is entitled to statutory or equitable tolling.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

Respondent states, and this court agrees, that petitioner is entitled to statutory tolling for the entire time his habeas petitions were pending in state court for 125 days, i.e. from May 17, 2007, to September 19, 2007. See Motion to Dismiss, Exhibits 1, 2; Carey v. Saffold, 536 U.S. 214, 215, 122 S.Ct. 2134 (2002) (the statute of limitations is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system). Adding 125 days to August 17, 2007, would make petitioner's federal petition due December 20, 2007. The instant action is still not timely.

In his opposition to the pending motion, petitioner makes no argument in support of equitable tolling.

Because petitioner's petition is barred by the statute of limitations, the court recommends that respondent's motion to dismiss be granted.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's November 5, 2008, motion to dismiss (no. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

1 shall be served and filed within ten days after service of the objections.  The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 DATED: February 19, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

8 lan2099.mtd